UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TATE GUICE III,

        Plaintiff,

   v.

CITY OF FAIRFIELD, a public entity; FAIRFIELD POLICE OFFICER THOMAS NO. 855, individually and in his official capacity; FAIRFIELD CHIEF OF POLICE BILL GRESHAM, individually and in his official capacity; and DOES 1 through 10, inclusive,

        Defendants.

2:06-cv-1377-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Tate Guice III ("Guice") claims that Defendants City of Fairfield ("Defendant City"), Officer Matt Thomas ("Officer Thomas"), and Chief of Police Bill Gresham ("Officer Gresham") (collectively "Defendants") violated his civil rights during the course of his arrest and detainment on suspicion of driving under the influence in violation of California Vehicle Code section 23152.

1

Specifically, Plaintiff alleges federal claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, including violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments.  In addition, Plaintiff raises an alleged claim under 42 U.S.C. § 1981 as well as state law claims of false imprisonment, assault, and intentional infliction of emotional distress ("State Claims").

All Defendants now move to dismiss those claims allegedly arising from the First, Fifth, Eighth and Fourteenth Amendments as well as the Section 1981 claim.  The City of Fairfield also moves to dismiss Plaintiff's State Claims.  Defendants' Motions are unopposed.  For the reasons set forth below, Defendants' Motions are GRANTED.[1]

**BACKGROUND**

Plaintiff alleges that on the evening of March 26, 2005, he approached a sobriety check-point manned by Officer Thomas.  Just prior to arriving at the check-point, Plaintiff elected to execute a U-turn and proceed in the opposite direction.  Upon observing Plaintiff turn around, Officer Thomas pursued Plaintiff and ultimately effected a traffic stop of Plaintiff's vehicle.  At Officer Thomas' request, Plaintiff produced his driver's license, registration, and proof of insurance.  Officer Thomas then requested Plaintiff's consent to search the subject vehicle.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

Upon his refusal to consent to the search, Plaintiff alleges Officer Thomas indicated that Plaintiff's continued refusal could result in his arrest and a search incident thereto.

Officer Thomas then performed several field sobriety tests on Plaintiff which Plaintiff contends he passed. Nonetheless, Officer Thomas proceeded to arrest Plaintiff for suspicion of being under the influence. Officer Thomas then searched and towed Plaintiff's vehicle. Plaintiff was transported to a police substation and further sobriety tests were performed. Officer Thomas, together with another unnamed Officer, then performed a visual inspection of Plaintiff's arms for needle marks and obtained a urine sample for later testing.

Plaintiff's release was secured by posting $1,500.00 bail. Subsequently, the urine test yielded negative results. The charges against Plaintiff were dropped and Plaintiff filed the instant action.

## **STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.'" *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

3

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.   42 U.S.C. § 1981**

Plaintiff brings his constitutional claims under both section 1981 and section 1983.  42 U.S.C. § 1981(a) confers upon all persons the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings[.]"  Section 1981(a) further provides that "all persons shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  In order to state a claim under this section, Plaintiff must allege intentional discrimination on account of his race.  *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).
///
///
///

4

More specifically, in order to establish a prima facie case under § 1981, Plaintiff must prove: (1) he is a member of a racial minority; (2) that the defendants had an intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more activities enumerated in the statute. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996).

Plaintiff's § 1981 claim fails for two reasons. First, there is no allegation that Plaintiff's arrest was motivated by race. In fact, the Complaint is silent with respect to race. In the absence of such an allegation, Plaintiff's § 1981 claim cannot proceed. More importantly, however, allegations of false arrest do not provide the basis for a § 1981 claim. *See Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1224 (D. Cal. 2001) (citing *Morgan v. The District of Columbia*, 550 F. Supp. 465, 467 (D.D.C. 1982), aff'd 725 F.2d 125 (D.C. Cir. 1983). In fact, the Supreme Court recently held that "[a]ny claim brought under § 1981 ... must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 126 S. Ct. 1246, 1249 (U.S. 2006). The Court went on to explain that:

> "...nothing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for *all* racial injustice. If so, it would not have been limited to situations involving contracts. Trying to make it a cure-all not only goes beyond any expression of congressional intent but would produce satellite § 1981 litigation of immense scope."

*Id.* at 1252 (emphasis in original).

Accordingly, Plaintiff's § 1981 claim for racial discrimination based on his arrest and detention is dismissed without leave to amend.

5

**2.   42 U.S.C. § 1983**

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, Plaintiff alleges violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Compl. ¶¶ 19, 20, 21.

**A.   First Amendment**

In his Complaint, Plaintiff alleges Defendants infringed his First Amendment rights. Specifically, Plaintiff alleges that upon his refusal to consent to the search of his vehicle, Officer Thomas responded that "if he arrested Plaintiff, he would then be able to search Plaintiff's car." Compl. ¶ 11-12. Despite Officer Thomas' foreshadowing, Plaintiff maintained his refusal to consent to the search of his vehicle. Officer Thomas then arrested Plaintiff for suspicion of being under the influence of alcohol, searched and towed Plaintiff's vehicle and transported Plaintiff to a police substation for further evaluation. *Id.* ¶ 13.

///
///
///

1     In the context of allegedly unlawful arrest and detention,
2 the First Amendment protects a significant amount of verbal
3 criticism and challenge directed at police officers.  *See Duran*
4 *v. Douglas*, 904 F.2d 1372 (9th Cir. 1990).  "Speech is often
5 provocative and challenging ... [But it] is nevertheless
6 protected against censorship or punishment, unless shown likely
7 to produce a clear and present danger of a serious substantive
8 evil that rises far above public inconvenience, annoyance, or
9 unrest."  *Houston v. Hill*, 482 U.S. 451, 461 (1987).  The Supreme
10 Court has clarified that "[t]he freedom of individuals verbally
11 to oppose or challenge police action without thereby risking
12 arrest is one of the principal characteristics by which we
13 distinguish a free nation from a police state."  *Id.* at 462-63;
14 *see also U.S. v. Poocha*, 259 F.3d 1077, 1082 (9th Cir. 2001).
15     Conversely, there is no right to be free from arrest
16 supported by probable cause regardless of the arresting officer's
17 motivation.  *See Whren v. U.S.*, 517 U.S. 806, 813 (1996); *Keenan*
18 *v. Tejeda*, 290 F.3d 252, 260 (5th Cir. 2002).  In the present
19 action, Plaintiff does not allege that he was arrested in
20 retaliation for his protected speech.  Rather, Plaintiff
21 specifically states he was arrested "for suspicion of being under
22 the influence."  Compl. ¶ 13.  While the Court finds that a
23 refusal to consent to a search is a verbal opposition to police
24 action and, consequently, protected speech, by his own admission
25 Plaintiff was not arrested for his speech, but rather suspicion
26 of driving under the influence.
27 ///
28 ///

7

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amendment claim is granted with leave to amend. Plaintiff is granted twenty (20) days from the date of this order to file an amended claim.

### B.   Fifth Amendment

Plaintiff also alleges a violation of his rights under the Fifth Amendment.  The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government – not to those of state or local governments. *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981).  The Plaintiff does not allege, nor can he, that any of the Defendants are federal actors.  Accordingly, Defendants' Motion to Dismiss Plaintiff's claim arising under the Fifth Amendment is granted without leave to amend.

### C.   Eighth Amendment

The Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence.  *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Graham*, 490 U.S. at 393 & n.6.  Pretrial detainees are not convicted prisoners.  *Lee*, 250 F.3d at 686 (internal citations omitted).  Therefore, pretrial detainees are accorded no rights under the Eighth Amendment.

Here, for purposes of the Eighth Amendment, Plaintiff was only a detainee, not a convicted prisoner.

8

Accordingly, Defendants' Motion to Dismiss Plaintiff's claim arising under the Eighth Amendment is granted without leave to amend.

### D.     **Fourteenth Amendment**

Plaintiffs Complaint alleges he was unlawfully seized and subjected to excessive force during that seizure in violation of his constitutional rights.  Defendants argue Plaintiff's claims for unlawful seizure and excessive force arise only under the Fourth Amendment rather than under the Fourteenth Amendment.  The Court agrees.

The seminal case on this issue is *Graham*.  490 U.S. § 386. In addressing an excessive force claim brought under § 1983, the Court began its analysis by identifying the specific constitutional right allegedly infringed.  *Id.* at 394.  The Court went on to hold that all claims of excessive force during the course of an arrest, investigatory stop, or other "seizure" should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.  The Court reasoned that the Fourth Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these types of claims.  *Id.* at 395; *see also Albright v. Oliver*, 510 U.S. 266, 271-272 (1994) (reaffirmed *Graham* on similar facts).  Given that Plaintiff's claims arise under only the Fourth Amendment, Plaintiff's Fourteenth Amendment claim for unlawful seizure and excessive force is dismissed without leave to amend.

9

**3.    State Law Claims**

Plaintiff seeks relief under state law for false imprisonment, assault and intentional infliction of emotional distress.  Defendant City of Fairfield has moved to dismiss these state law claims arguing that no liability can lie against a public entity unless so provided by statute.  Defendant City contends Plaintiff has failed to provide any statutory basis for its claims mandating dismissal.

California Government Code section 815.6, makes a public entity directly liable for its breach of a statutory mandatory duty.  *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1111 (Cal. Ct. App. 2004).  In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on general tort provisions.  *Id.*

Plaintiff has failed to plead any specific statutory duty on the part of Defendant City.  In light of Government Code section 815.6, such a failure is fatal to his State Claims against the City of Fairfield.  Consequently, Defendant City of Fairfield's Motion to Dismiss Plaintiff's State Claims is granted with leave to amend. Plaintiff is granted twenty (20) days from the date of this order to file an amended claim(s).

///
///
///
///
///

**4.    Attorney's Fees**

Plaintiff styles his sixth and seventh causes of action as claims for attorney's fees under California Civil Code section 1021.5 and 42 U.S.C. § 1988 respectively.

A request for attorneys fees is a prayer for relief, as opposed to a cause of action. The Court, *sua sponte*, construes Defendants' Motion to Dismiss these two causes of action as a Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e). Plaintiff's sixth and seventh causes of action are dismissed as improperly styled. While the Court has dismissed Plaintiff's sixth and seventh causes of action as improper, that dismissal does not preclude Plaintiff from seeking attorney's fees as a part of his prayer for relief.

## CONCLUSION

For the reasons set forth supra, the Defendants' Motion to Dismiss Plaintiff's § 1981 claim is granted without leave to amend. Defendants' Motion to Dismiss all but Plaintiff's Fourth Amendment claim under § 1983 claim is granted. Specifically, Plaintiff's claim based on a violation of the First Amendment is dismissed with twenty (20) days leave to amend. Plaintiff's claims under the Fifth, Eighth and Fourteenth Amendments are dismissed without leave to amend. Plaintiff's Fourth Amendment claim remains. Plaintiff's State Claims against the City of Fairfield are dismissed with twenty (20) days leave to amend.

///

Plaintiff's sixth and seventh causes of action for attorney's fees are dismissed without leave to amend.

IT IS SO ORDERED.

DATED: November 16, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

12