UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TATE GUICE III,

        Plaintiff,

    v.

CITY OF FAIRFIELD, a public entity; FAIRFIELD POLICE OFFICER THOMAS NO. 855, individually and in his official capacity; FAIRFIELD CHIEF OF POLICE BILL GRESHAM, individually and in his official capacity; and DOES 1 through 10, inclusive,

        Defendants.

2:06-cv-1377-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Tate Guice III ("Guice") claims that Defendants City of Fairfield, Officer Matt Thomas, and Chief of Police Bill Gresham (collectively "Defendants") violated his civil rights during the course of his arrest on suspicion of driving under the influence.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal.
(continued...)

1

Defendants are presently moving under Federal Rule of Civil Procedure 41(b) to dismiss with prejudice all claims arising under the First Amendment to the United States Constitution as well as all state claims against the City of Fairfield. For the reasons set forth below, Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiff filed the present action March 22, 2006, in the Superior Court of Solano County. That action was removed to this Court on June 21, 2006. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 22, 2006. Plaintiff neither opposed that Motion nor filed a Statement of Non-Opposition. Defendants filed their reply brief on July 31, 2006. On November 16, 2006, the Court issued an Order granting Defendants' Motion to Dismiss in its entirety but granted Plaintiff twenty (20) days leave to amend his Complaint to remedy the identified defects. Plaintiff did not amend his Complaint nor did he file a statement with the Court that he was electing to stand on the Complaint as filed. On December 12, 2006, Defendants filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) seeking dismissal with prejudice and without leave to amend as a sanction for failing to adhere to this Court's Order. Plaintiff again failed to oppose Defendants' Motion or to file a Statement of Non-Opposition.

---

[1](...continued)
Local Rule 78-230(h).

1 **ANALYSIS**

2

3    Under Ninth Circuit precedent, when a plaintiff fails to
4 amend his complaint after a district court dismisses the
5 complaint with leave to amend, the dismissal is typically
6 considered a dismissal for failing to comply with a court order
7 rather than for failure to prosecute a claim. *See Yourish v. Ca.*
8 *Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).  In the present
9 action, Plaintiff has repeatedly failed to respond either to
10 Motions brought by Defendants or Orders issued by this Court.  In
11 such a situation, resources continue to be consumed by this case
12 sitting idly on the Court's docket.  The failure of the Plaintiff
13 eventually to respond to the Court's ultimatum--either by
14 amending his Complaint or by indicating to the Court that he will
15 not do so--is properly met with the sanction of a Rule 41(b)
16 dismissal. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065
17 (9th Cir. 2004).
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Rule 41(b) is GRANTED as to Plaintiff's First Amendment claim against all Defendants as well as his state law claims against the City of Fairfield.

IT IS SO ORDERED.

Dated: February 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4