1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TATE GUICE III,

11           Plaintiff,                    No. CIV S-06-1377 MCE EFB PS

12       vs.

13   CITY OF FAIRFIELD, a public entity;      ORDER AND FINDINGS
     FAIRFIELD POLICE OFFICER THOMAS           AND RECOMMENDATIONS
14   NO. 855, individually and in his official
     capacity; FAIRFIELD CHIEF OF POLICE
15   BILL GRESHAM, individually and in his
     official capacity; and DOES 1 through 10,
16   inclusive,

17           Defendants.
                                        /
18

19           This case has been referred to the undersigned under Local Rule 72-302(c)(21), pursuant

20   to 28 U.S.C. § 636(b)(1).  It was before the court on December 12, 2007, for hearing on

21   defendants' motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).  Kevin E.

22   Gilbert appeared as defense counsel and Tate Guice, III appeared on his own behalf.  As

23   explained in more detail below, the ultimate sanction of dismissal is not, yet, appropriate here

24   and the undersigned recommends that defendants' motion be denied.  However, it is further

25   recommended that the first amended complaint filed by plaintiff on November 30, 2007, be

26   stricken.  Finally, for the reasons set forth below and at oral argument, the court orders plaintiff

                                          1

1   to pay monetary sanctions in the amount of $500.00 for violations of the Federal Rules of Civil

2   Procedure, this district's Local Rules, and for other conduct that has disrupted litigation of this

3   matter.

4   I.  <u>BACKGROUND</u>

5           This action was removed to federal court on June 21, 2006, and is proceeding on the

6   original complaint filed in state court.  Plaintiff's claims have been narrowed by the district

7   judge to a single cause of action under 42 U.S.C. § 1983, for alleged violations of plaintiff's

8   Fourth Amendment rights.

9           In brief, plaintiff alleges civil rights violations in connection with his arrest for an illegal

10  U-turn and driving under the influence.  Plaintiff alleges that on the evening of March 26, 2005,

11  he approached a sobriety check-point manned by defendant Officer Thomas.  Prior to arriving at

12  the check-point, plaintiff made a U-turn and proceeded away from the check-point.  Officer

13  Thomas observed the illegal U-turn, pursued plaintiff, and ultimately effected a traffic stop of

14  plaintiff's vehicle.  At Officer Thomas' request, plaintiff produced his driver's license,

15  registration, and proof of insurance.  Officer Thomas then requested plaintiff's consent to search

16  the subject vehicle.  Plaintiff alleges that when he refused to consent to the search, Officer

17  Thomas warned him that his continued refusal could result in his arrest and a search incident

18  thereto.

19          Officer Thomas then arrested plaintiff for suspicion of being under the influence, and

20  searched and towed the vehicle.  Plaintiff was transported to a police substation and plaintiff

21  submitted to a urine test.  The test results were negative, and the charges against plaintiff were

22  ultimately dropped.  Plaintiff subsequently filed suit in Solano County Superior Court.

23          Upon removing the case to this court, defendants filed a motion to dismiss pursuant to

24  Fed. R. Civ. P. 12(b)(6), to which plaintiff filed neither an opposition nor a statement of non-

25  opposition.  The district judge granted that motion, dismissing without leave to amend plaintiff's

26  claims asserted under 42 U.S.C. § 1981, as well as his claims under the Fifth, Eighth and

1   Fourteenth Amendments.  The district judge also dismissed plaintiff's state law claims and his

2   claim alleging violations under the First Amendment pursuant to 42 U.S.C. § 1983, but granted

3   him leave to amend.  *See* November 16, 2006, Memorandum and Order.

4         After plaintiff failed to file an amended complaint based on that order, defendants filed

5   another motion to dismiss pursuant to Fed. R. Civ. P. 41(b), and requested that the court dismiss

6   those portions of the action that were not timely amended.  Plaintiff failed to oppose or otherwise

7   respond to the motion.  The court granted defendants' motion, dismissing plaintiff's state law

8   claims against the City of Fairfield and his First Amendment claim against all defendants.  *See*

9   February 12, 2007, Memorandum and Order.

10        After defendants filed their answer and a status report, the court, by minute order,

11  ordered plaintiff to file a status report and cautioned him that failure to file the status report

12  could result in the imposition of sanctions and/or dismissal of the action.  *See* Docket Entry no.

13  21, April 12, 2007.  Plaintiff responded by filing a status report one day after the date ordered by

14  the district judge.

15        On August 27, 2007, defendants filed a "request" to dismiss plaintiff's claims pursuant to

16  Rule 41(b), or alternatively to set a status conference.  Defendants based their request on

17  plaintiff's failure to keep the court and opposing counsel apprised of his current address, which

18  failure caused discovery served on plaintiff to be returned as undeliverable.  *See* E.D. Cal. L.R.

19  83-183(b); 83-182(f).

20        In response to this request, the district judge set a show cause hearing for September 28,

21  2007.  The court ordered plaintiff to submit an affidavit by September 17, 2007, regarding his

22  lack of activity in the case and providing reasons why the case should not be dismissed.  From

23  the court's docket, it appears that plaintiff did not timely file an affidavit, but he did appear at the

24  hearing.  The record shows that following the hearing, the district judge denied defendants'

25  ////

26  ////

3

1  request to dismiss for lack of prosecution.[1]

2        After the district judge's order officially substituting plaintiff as counsel for himself was

3  returned as undeliverable on November 5, 2007, defendants filed a motion to compel discovery,

4  and alternatively to dismiss for lack of prosecution.[2]  Defendants filed an amended motion

5  requesting additional discovery orders on November 8, 2007.

6        Pursuant to the district judge's pretrial scheduling order, discovery in this case was to be

7  completed by October 19, 2007.  By that order, "completed" means that "all discovery shall have

8  been completed so that all depositions have been taken and any disputes relative to discovery

9  shall have been resolved by appropriate order if necessary and, where discovery has been

10  ordered, the order has been obeyed."  *See* June 6, 2007, Pretrial (Status) Scheduling Order.

11  Accordingly, the undersigned denied the discovery portion of that motion as untimely, but

12  agreed to hear the portion of the motion requesting dismissal.

13  II.  DISCUSSION

14       A.  Rule 41(b) Dismissal

15        Dismissal pursuant to Rule 41(b) for lack of prosecution is a drastic sanction.  The Ninth

16  Circuit requires the district court to weigh five factors to determine whether or not "to dismiss a

17  case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2)

18  the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19  policy favoring the disposition of cases on their merits; and (5) the availability of less drastic

20  sanctions."  *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing

21  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Although beneficial to the

22  reviewing court, a district court is not required to make specific findings on each of the essential

23

24      [1]  The denial is recorded in Docket Entry no. 35, (September 28, 2005).

25      [2]  The attorney initially representing plaintiff in this case became ineligible to practice
26  law in November 2006.  *See* Declaration of Kevin E. Gilbert in Response to Court's Order to
Show Cause ("Gilbert Decl."), Exh. A (Docket Entry no. 31-2).

factors." *Id.* (citing *Henderson*, 779 F.2d at 1424).

The district court should consider the feasibility of alternate sanctions before dismissal. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006) (in reviewing a district court's dismissal sanctions, appeals court looks to whether the district court discussed the feasibility of less drastic sanctions, implemented alternative sanctions before ordering dismissal, and warned the party of the possibility of dismissal before ordering dismissal) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995)).

Further, "dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson*, 779 F.2d at 1423 (citing *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)).

As recounted above, there have been significant delays in the prosecution of this action, almost all of which are attributable to plaintiff's failure to actively litigate his claims.  In defendants' present motion, they recount further delays concerning the setting and taking of depositions.  In particular, after several unsuccessful attempts to initiate the discovery process, defendants were finally able to notice plaintiff's deposition for October 17, 2007.[3]  However, the day before the deposition, plaintiff sent defense counsel an electronic mail message notifying him that he would "not be able to attend the scheduled deposition."  *See* Declaration of Kevin E. Gilbert in Support of Defendants' Motion to Dismiss ("Gilbert Decl."), Exh. D (Docket Entry no. 41-2).  Plaintiff provided no further explanation.

Likewise, there were similar problems in scheduling the depositions of the defendant officers.  Plaintiff noticed their depositions on October 2, 2007, setting them for October 15, 2007 – four days before the discovery deadline.  Due in part to the officers' unavailability, the deposition of Officer Thomas was rescheduled for October 16.  However, when Officer Thomas and defense counsel arrived at the address provided by plaintiff in his notice of deposition, they

---

[3] Defense counsel avers that the discovery served on plaintiff was repeatedly returned as undeliverable.  *See* Gilbert Decl., ¶ 3.

1    discovered it was the wrong address and had to determine on their own where the court reporter

2    was located. *See* Gilbert Decl., ¶¶ 2-12. Although there is some dispute as to whether plaintiff

3    received defense counsel's communications about commencing the deposition at 1:00 p.m.

4    instead of 10:00 a.m. as noticed, the record shows that defense counsel sent plaintiff a letter on

5    October 10, 2007, confirming the 1:00 p.m. time (Gilbert Decl., Exh. C, Docket Entry no. 41-2),

6    and plaintiff confirmed at the hearing that this letter bore his correct home address. In any event,

7    by the time Officer Thomas and defense counsel found the court reporter's office, plaintiff had

8    cancelled the deposition and left the premises. Thus, the October 19, 2007, discovery deadline

9    passed without a single deposition being taken.

10       Such delay weighs in favor of dismissal on several factors under the Ninth Circuit test.

11    Plaintiff's conduct has prevented expeditious resolution of the this case, has impeded the court's

12    ability to manage its docket, and has caused some prejudice to defendants. *Henderson*, 779 F.2d

13    at 1423 ("Unreasonable delay creates a presumption of injury to the defense.") (citing *Ash v.*

14    *Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

15       However, while plaintiff's repeated failure to follow the Federal Rules of Civil Procedure

16    and this district's Local Rules is inexcusable, the court is perplexed by defense counsel's failure

17    to file timely an appropriate motion(s) as soon as it became apparent plaintiff had not provided

18    the court with his current address. Evidence that the defense had served the discovery request on

19    the address of record would likely have been sufficient to warrant an order compelling discovery

20    and any subsequent sanctions for failure to comply with such order. Further, the court is not

21    persuaded that defendants have been prejudiced in their ability to file a summary judgment

22    motion in light of the burdens set forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986),

23    *Celotex v. Cattret*, 477 U.S. 317 (1986), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

24    475 U.S. 574 (1986).

25       The public policy favoring the disposition of cases on their merits weighs against a

26    recommendation of dismissal, as does the requirement that the court consider the availability of

1   less drastic sanctions prior to dismissal.  Because no sanctions have previously been imposed on

2   plaintiff, the court finds the ultimate sanction of dismissal to be premature.  However, the court

3   finds that plaintiff's conduct does warrant sanctions, as addressed below, and cautions plaintiff

4   that any further failure to comply with the Federal Rules, the Local Rules and any court orders

5   may result in a dismissal of his lawsuit.  Fed. R. Civ. P. 41(b); Local Rule 11-110.

6            B.  <u>Less Drastic Sanctions</u>

7        In their original motion, filed on November 6, 2007, defendants moved the court, in the

8   event their motion was denied, to order plaintiff to pay sanctions to reimburse them for the time

9   and expense involved in making the motion.  In the amended motion, filed November 8, 2007,

10  which includes additional requests for discovery rulings, defendants ask for sanctions in the

11  event their motion was granted.  Although it is unclear, the court presumes that defendants mean

12  to seek sanctions pursuant to Fed. R. Civ. P. 37.  However, because the court previously denied

13  all discovery motions as untimely, an award of sanctions pursuant to that rule is inappropriate.

14       Nonetheless, the court finds that less drastic sanctions "alternative to dismissal" are

15  appropriate.  The court has inherent powers to sanction a party or counsel who acts "in bad faith,

16  vexatiously, wantonly, or for oppressive reasons."  *Leon*, 464 F.3d at 961 (quoting *Primus Auto.*

17  *Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)).  The court is mindful that

18  "[b]efore awarding such sanctions, the court must make an express finding that the sanctioned

19  party's behavior constituted or was tantamount to bad faith."  *Id.* (internal quotation marks and

20  citation omitted).  "A party demonstrates bad faith by delaying or disrupting the litigation or

21  hampering enforcement of a court order."  *Id.*

22       Plaintiff's conduct throughout this litigation has constituted or been tantamount to bad

23  faith and has indisputably disrupted this litigation.  His last-minute, unilateral cancellation of his

24  deposition, his failure to keep the court or opposing counsel apprised of his current address, and

25  his utter disregard for the Federal Rules of Civil Procedure and Local Rules have impeded

26  prosecution of this case.  Moreover, even absent bad faith, the failure to comply with pretrial

7

1   orders and the inexcusable delay of discovery such that the discovery process could not be

2   timely completed warrant sanctions here. Fed. R. Civ. P. 16(b); Local Rule 11-110.

3   Accordingly, the court orders plaintiff to pay sanctions in the amount of $500.00, payable to

4   defendants for partial recompense of fees incurred in bringing motions to facilitate prosecution

5   of this action.  Plaintiff is ordered to tender the payment within thirty days from the date of this

6   order.[4]

7            C.  First Amended Complaint/Motion to Amend

8            Next, the court addresses plaintiff's unauthorized and untimely filing of an amended

9   complaint on November 30, 2007.  As discussed above, pursuant to the district judge's previous

10  orders, plaintiff's claims in the original complaint have been limited to his section 1983 claim for

11  alleged Fourth Amendment violations.  Despite the district court's previous rulings, plaintiff

12  failed to file an amended complaint until November 30, 2007, at which time the present motion

13  to dismiss was pending.  The amended complaint includes a state law claim for negligence, a

14  claim for negligent supervision, as well as factual allegations not previously plead in the original

15  complaint.  Plaintiff did not seek leave of court prior to filing the amended complaint as required

16  under the Federal Rules of Civil Procedure.  Accordingly, defendants have requested that the

17  court strike the pleading.  At the December 12, 2007, hearing the court indicated that it would

18  take this request under submission.

19           Immediately following the hearing on December 13, 2007, plaintiff filed a motion to

20  amend the complaint and defectively noticed it for hearing on January 9, 2007.  *See* Local Rule

21  78-230(b).  Despite the defective notice, defendants opposed the motion.  This court vacated the

22  hearing on that motion and addresses it here, together with defendants' request to strike the

23  amended pleading.

24  ////

25

26       [4]  The payment shall be made to defense counsel, which shall then be credited to
    defendants for some of the fees incurred in bringing this and other motions.

1    Before plaintiff filed his motion to amend, the court determined that the amended

2    complaint should be stricken, given his failure to comply with appropriate procedures for

3    seeking an amendment.  Now, plaintiff has belatedly attempted to comply with those procedures,

4    and the court considers the motion – albeit untimely – under the Rule 16 standard for

5    amendment.

6    The Ninth Circuit has instructed that "[o]nce the district court [has] filed a pretrial

7    scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable

8    for amending pleadings that rule's standards controlled."  *Johnson v. Mammoth Recreations,*

9    *Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  This district, applying *Johnson*, has confirmed that

10   once the district court has filed a pretrial scheduling order pursuant to Fed. R. Civ. P. 16, the

11   timeliness of a motion to amend the pleadings is governed first by Rule 16(b), and only

12   secondarily by Rule 15(a).  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

13   The pretrial scheduling order in this case was filed June 6, 2007.

14   While amendment of pleadings is ordinarily liberally granted under Fed. R. Civ. P. 15(a),

15   a movant must demonstrate "good cause" to justify amendment under Fed. R. Civ. P. 16(b).  *Id.*

16   at 606-07.  The "good cause" standard "focuses on the diligence of the party seeking

17   amendment."  *Id.* at 607 (citing *Johnson*, 975 F.2d at 609).  "Central to the required showing of

18   diligence is whether the movant discharged [its] obligation under Rule 16 to collaborate with the

19   district court in managing the case."  *Jackson*, 186 F.R.D. at 607.  Accordingly, relevant

20   inquiries include: whether the movant was diligent in helping the court to create a workable Rule

21   16 order; whether matters that were not, and could not have been, foreseeable at the time of the

22   scheduling conference caused the need for amendment; and whether the movant was diligent in

23   seeking amendment once the need to amend became apparent.  *Id.* at 608 (citations omitted).

24   "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

25   relief."  *Johnson*, 975 F.2d at 609.

26   ////

9

1    Here, as discussed above, plaintiff has been markedly dilatory in prosecuting this action.

2    Moreover, he has failed to abide by applicable rules of procedure, as is further evidenced by his

3    most recent motion.  In that motion, plaintiff argues that justice requires amendment because

4    "since this case was initially filed, . . . plaintiff has had an opportunity to conduct additional

5    research on the law as it applies to the facts of this case . . . ."  *See* Motion to Amend, 3:24-28.

6    He also states that there have been new "developments in the facts," but fails to specify what

7    those facts or developments are.  In the proposed amended complaint attached to his motion,

8    plaintiff includes a state law claim for negligence, as well as a new cause of action for negligent

9    supervision.  He also makes new allegations concerning the City of Fairfield's purported policies

10   and practices.  However, he fails to demonstrate how these facts or legal theories were not

11   previously available to him or otherwise foreseeable prior to the filing of the pretrial scheduling

12   order.

13   "In deciding whether justice requires granting leave to amend, factors to be considered

14   include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to

15   cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of

16   the proposed amendment."  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.

17   1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

18   Here, plaintiff's undue delay in filing the proposed amended complaint, as well as his

19   repeated failure to cure the deficiencies of his complaint – despite court orders to do so – warrant

20   a denial of his motion.  The pretrial order in this case issued in June 2007.  The discovery and

21   expert disclosure deadlines have passed, and the law and motion deadline is swiftly approaching.

22   With the expiration of the discovery deadline, defendants will not be able to respond to

23   plaintiff's new factual allegations and causes of action.

24   Plaintiff has failed to demonstrate good cause justifying amendment at this late phase.

25   Instead, it is clear from the record that this last minute motion is caused by nothing more than

26   plaintiff's own carelessness and lack of diligence.  Accordingly, the court recommends that

1  plaintiff's motion to amend be denied, and that the previously filed amended complaint be
2  stricken.

3  III.  CONCLUSION

4      In accordance with the foregoing, IT IS ORDERED that plaintiff pay sanctions in the
5  amount of $500.00 to defendants, within thirty days from the date of this order.  Plaintiff is
6  cautioned that any further failure to comply the Federal Rules of Civil Procedure, the Local
7  Rules, or any court orders may result in the dismissal of this action.

8      Further, IT IS RECOMMENDED that:

9      1.  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) be denied; and,

10     2.  Plaintiff's motion to amend, filed December 13, 2007, be denied and that the amended
11  complaint filed by plaintiff on November 30, 2007, be stricken.

12     These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)
14  days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
17  shall be served and filed within ten (10) days after service of the objections.  The parties are
18  advised that failure to file objections within the specified time may waive the right to appeal the
19  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
20  951 F.2d 1153, 1157 (9th Cir. 1991).

21  DATED:  January 8, 2008.

22
23                        EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE
24
25
26