IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TATE GUICE III,

        Plaintiff,                              CIV-S-06-1377 MCE EFB PS

     vs.

CITY OF FAIRFIELD, a public entity;
FAIRFIELD POLICE OFFICER
THOMAS NO. 855, individually and in his     ORDER
official capacity; FAIRFIELD CHIEF OF
POLICE BILL GRESHAM, individually
and in his official capacity; and DOES 1
through 10, inclusive

        Defendants.
_____/

        This is civil rights action in which plaintiff alleges that he was deprived of certain federally protected rights in connection with his arrest for driving under the influence following an illegal U-turn. The case was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        On May 14, 2008, the magistrate judge filed findings and a recommendation that defendants' motion for summary judgment be granted. Those findings and recommendation were served on the parties and contained a notice that any objections to the findings and recommendation were to be filed within ten days. Plaintiff filed objections on May 27, 2008,

1

which are addressed herein.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed plaintiff's objections and finds they are not well-taken. First, plaintiff objects to the magistrate judge's findings regarding the Monell obstacle to the claims against the City of Fairfield and Police Chief Gresham. See Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658 (1978). Plaintiff submitted no evidence to support his allegations of municipal liability with respect to either defendant. See Gillette v. Delsmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). It was his burden to do so, and having failed, defendants' motion is properly granted. Id.; Celotex v. Cattret, 477 U.S. 317, 322 (1986).

Defendant Thomas' motion is also properly granted in light of plaintiff's failure to submit evidence contradicting the officer's averments about the many objective factors supporting his arrest for driving under the influence of an intoxicating substance. Plaintiff did not submit evidence disputing that he made an illegal u-turn to avoid the sobriety checkpoint, nor did he dispute the officer's averments regarding his evasive behavior, elevated heart rate, bloodshot, watery eyes, the pasty evidence on his tongue, or his eyes' lack of convergence.[1]

////

////

---

[1] See State v. Stiles, 998 P.2d 703, 704-05 (Or. Ct. App. 2000) (describing "lack of convergence test" as indicator of marijuana intoxication).

1   Further, plaintiff did not directly dispute the officer's averment that plaintiff performed poorly on
2   the walk-and-turn test. Rather, he simply submitted a declaration stating that the officer told him
3   he had passed. Accepting plaintiff's evidence as true, plaintiff failed to demonstrate a lack of
4   probable cause in light of the other, undiputed objective circumstances surrounding the arrest.
5   See John v. City of El Monte, 505 F.3d 907, 912 (9th Cir. 2007) (movant's uncontradicted
6   factual allegations are accepted as true).

7   While plaintiff argues that the officer arrested him in order to search his vehicle
8   and notes that subsequent drug tests came back negative, this is not dispositive of the question of
9   whether the information available to the officer at the time of the arrest amounts to probable
10  cause. The officer's subjective intent in arresting plaintiff is irrelevant to the Fourth Amendment
11  analysis, as are additional facts that became known only after the arrest was made. See United
12  States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007); City of El Monte, 505 F.3d at 911.
13  Further, under the circumstances described above, and as set forth in the findings and
14  recommendations, the officer was entitled to qualified immunity. See Hunter v. Bryant, 502 U.S.
15  224, 227 (1991) (per curiam).

16  The court has reviewed the applicable legal standards and, good cause appearing,
17  concludes that it is appropriate to adopt the proposed Findings and Recommendations in full.
18  Accordingly, IT IS ORDERED that:

19  1. The proposed Findings and Recommendations filed May 14, 2008, are
20  ADOPTED;

21  2. Defendants' February 7, 2008, motion for summary judgment is granted as to
22  the claims against the City of Fairfield and Fairfield Chief of Police Bill Gresham;

23  3. Defendants' February 7, 2008, motion for summary judgment is granted as to
24  the claims against defendant Thomas; and,

25  ////
26  ////

4. The Clerk is directed to enter judgment in defendants' favor and the close the case.

Dated: August 4, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE